## MANHAT
v.
## UNITED STATES et al.

United States District Court
S. D. New York.
Feb. 24, 1954.

Harry R. Schwartz, New York City, for libelant Gavoer Manhat.

J. Edward Lumbard, U. S. Atty., New York City, Southern District of N. Y. (Howard F. Fanning, New York City, of counsel), for respondent U. S.

Renato C. Giallorenzi, New York City (Joseph A. McKinley, New York City, of counsel), for respondent Project Const. Corp.

Purdy, Lamb & Catoggio, New York City (Vincent A. Catoggio, New York City, of counsel), for impleaded-respondent Stuart Marine Painting Corp.

MURPHY, District Judge.

This is a motion for an order modifying and amending the pre-trial order signed by Goddard, D. J., in the above-entitled matter on September 22, 1952, so as to include as an issue the unseaworthiness of "the lifeboat and all appurtenances and safety devices in connection therewith and therein," and an order, signed on consent of the attorneys for all of the parties by Clark, C. J., "that the Trial Judge be directed to give further consideration to the . cause in the light of the decision in the suit of Pope

& Talbot, Inc. v. Charles Hawn et al. No. 13—October Term, 1953, and that he take such further action as he may deem appropriate, and * * * that this order does not vacate, modify or affect our decision on the motion made by the libellant-appellant and heard by us on December 14, 1953."

The action was a consolidated one against the United States as owner of a ship, and the Project Construction Corporation which contracted with the owner for its repair, as well as an impleaded subcontractor, Stuart Marine Corporation, brought by employees of Stuart for injuries sustained while they were working in a lifeboat which was suspended over the side of the ship and directly over a pier at which the ship was moored. The lifeboat fell, after which it was found that the release handle used for disengaging the lifeboat from its falls had been pulled up and over. On June 30, 1953, this court found that respondents were not negligent with findings of fact, conclusions of law and discussion reported in 113 F.Supp. 595.

At the outset, there is serious doubt whether this court has power to amend the pre-trial order or modify its decree. The pre-trial order was made on consent by another district court judge more than fifteen months before the present application. Application is now made more than six months after disposition of the cause after trial on its merits. There is no allegation of mistake in making findings of fact or conclusions of law.[1] Indeed nothing but the language of an opinion[2] rendered more than five months after disposition respecting the availability of unseaworthiness as a remedy, occasions the application. The case is now before the Court of Appeals. Although there is an order consented to by the attorneys directing reconsideration by the trial court, such order has been signed by a single judge and there has been no remand of the cause by the appellate tribunal.[3]

Assuming then that this court has the power, the motion to amend the pre-trial order is granted, inasmuch as respondent United States is agreeable, and another, the Project Construction Corporation feels that its liability cannot be affected by any determination with respect to unseaworthiness. Assuming further power to reconsider the issue of unseaworthiness upon the direction herein made and acknowledging that under the decision in Pope & Talbot, Inc., v. Hawn,[4] the question of seaworthiness may be involved, contrary to former indications in this circuit,[5] this court makes the following supplementary finding of fact and conclusion of law, in no way inconsistent with its prior disposition:

#### Supplementary Finding of Fact

S1. The lifeboat and its equipment at the time of entry by libelants were in proper order, free from defect, not shown to be lacking a toggle or keeper pin in the releasing gear and in all respects seaworthy.

#### Supplementary Conclusion of Law

S1. Libelants have failed to sustain the burden of proof of unseaworthiness.

Decree accordingly.

1. Cf. rules 60, 75, Fed.Rules Civ.Proc., 28 U.S.C.A.

2. Pope & Talbot, Inc., v. Hawn, 346 U. S. 406, 74 S.Ct. 202.

3. Cf. The American Shipper, 2 Cir., 70 F.2d 632; Baltimore S.S. Co. v. Phillips, 2 Cir., 9 F.2d 902.

4. 346 U.S. 406, 74 S.Ct. 202.

5. See Lynch v. U. S., 2 Cir., 163 F.2d 97, 99.