**PROJECT CONSTRUCTION CORPORA-
TION, Libellant,**

v.

**STUART MARINE PAINTING COR-
PORATION, Respondent.**

**No. 19791.**

United States District Court
E. D. New York.

Sept. 21, 1956.

Macklin, Speer, Hanan & McKernan, New York City, Proctors for libellant, John C. Hart, New York City, of counsel.

Lawless & Lynch, New York City, Proctors for respondent, John J. McGuire, New York City, of counsel.

GALSTON, District Judge.

This is a motion on behalf of the libellant for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

The libel and complaint sets forth that in February, 1950, the libellant entered into a contract with the Government, Department of the Navy, for the repair and alteration of vessels. Pursuant to its terms, the libellant, as contractor, was to be responsible for and to make good at its own cost and expense loss or damage occurring out of the performance of the work, except where the contractor could affirmatively show that

such loss was due to causes beyond the contractor's control.

It is also alleged that in March, 1951, in pursuance of the contract, the libellant was ordered to make some repairs on the "General H. F. Hodges". Shortly thereafter, the libellant entered into a sub-contract with the respondent herein for certain of the aforementioned work, consisting in part of cleaning, scaling and painting the lifeboats of that ship. The respondent is alleged to have undertaken the performance of the work, and while so engaged one of the lifeboats was severely damaged by falling upon the deck of the adjoining pier, as a result, so the libellant alleges, of the negligence of the respondents. In consequence the libellant was damaged in the cost of replacing the lifeboat in approximately the sum of $8,000, which it now seeks to obtain from the respondent.

The respondent's answer denies the allegations of negligence and sets forth, in addition, that at the time in question the lifeboat was suspended out from the vessel over Pier 45; that pursuant to an order from the libellant, employees of the respondent entered the lifeboat and proceeded to clean the lifeboat, which shortly thereafter, without notice or warning, dropped to the deck of Pier 45. The respondent alleges that the damage was caused solely by the fault of the libellant in failing adequately and properly to secure the lifeboat to the ship, and in placing or permitting the lifeboat to be swung out directly over Pier 45. Other acts of negligence are alleged by the respondent against the libellant.

It is thus seen that important issues of fact are raised by the pleadings. However, it is urged by the libellant that because of the holdings of the Court of the Southern District of New York, and of the United States Court of Appeals, in Manhat v. United States of America, D.C., 113 F.Supp. 595, Id., 2 Cir., 220 F.2d 143, and D.C., 121 F. Supp. 196, the liability of respondent for the damages herein has been settled.

I do not read those decisions as sustaining a finding of fact or law that holds the respondent liable.

In these circumstances the issues herein should be resolved by trial and not on motion.

The motion is denied.

Settle order.